# UNITED STATES DISTRICT COURT
## Southern District of Texas
### Holding Session in Houston

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**JOSE MARTINEZ**<br>A/K/A Jose Antonio Martinez | **JUDGMENT IN A CRIMINAL CASE**<br><br>CASE NUMBER: **4:14CR00561-001**<br>USM NUMBER: 77985-379 |

☒ See Additional Aliases.

Peter Joseph Bray, AFPD
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  1 on December 19, 2014.
☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.
☐ was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 8 U.S.C. § 1326(a) and (b)(2) | Illegal reentry by a previously deported alien after an aggravated felony conviction | 02/22/2014 | 1 |

☐ See Additional Counts of Conviction.

The defendant is sentenced as provided in pages 2 through <u>6</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____  ☐ is  ☐ are dismissed on the motion of the _____.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 29, 2015
Date of Imposition of Judgment

*/s/ Melinda Harmon/*
Signature of Judge

**MELINDA HARMON**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

June 3, 2015
Date

MM    | GW

DEFENDANT: **JOSE MARTINEZ**
CASE NUMBER: **4:14CR00561-001**

# ADDITIONAL ALIASES

The Court notes the following alias(es) are manifested on the defendant's Indictment:

Jose Antonio Martinez Rangel
Jose Martinez Aguilar

DEFENDANT: **JOSE MARTINEZ**
CASE NUMBER: **4:14CR00561-001**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  64 months.
This term consists of  SIXTY-FOUR (64) MONTHS as to Count 1.

☐  See Additional Imprisonment Terms.

☐  The court makes the following recommendations to the Bureau of Prisons:

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:
　　☐  at _____  ☐ a.m.  ☐ p.m. on _____ .
　　☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
　　☐  before 2 p.m. on _____.
　　☐  as notified by the United States Marshal.
　　☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____
_____
_____

　　Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **JOSE MARTINEZ**
CASE NUMBER: **4:14CR00561-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: <u>2 years.    </u>
This term consists of TWO (2) YEARS as to Count 1.

☐ See Additional Supervised Release Terms.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. *(for offenses committed on or after September 13, 1994)*

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act
(42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state registration in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

☒ See Special Conditions of Supervision.

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **JOSE MARTINEZ**
CASE NUMBER: **4:14CR00561-001**

# SPECIAL CONDITIONS OF SUPERVISION

If deported, the defendant is not to re-enter the United States illegally. If the defendant is deported during the period of probation or the supervised release term, supervision by the probation office becomes inactive. If the defendant returns, the defendant shall report to the nearest U.S. Probation Office immediately. Supervision by the probation officer reactivates automatically upon the defendant's reporting.

☐   See Additional Special Conditions of Supervision.

DEFENDANT: **JOSE MARTINEZ**
CASE NUMBER: **4:14CR00561-001**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $100.00 | | |

☐ See Additional Terms for Criminal Monetary Penalties.

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal payees must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

☐ See Additional Restitution Payees.

**TOTALS**        $0.00        $0.00

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

☒ Based on the Government's motion, the Court finds that reasonable efforts to collect the special assessment are not likely to be effective. Therefore, the assessment is hereby remitted.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.